Juan Lopez
1231 North Beachwod Drive
Burbank, CA 91506
Phone: (562)653-4137
No Email
No Fax

In Pro Per

FILED
CLERK, U.S. DISTRICT COURT

JAN 2 9 2020

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

US BANK NA, SUCCESSOR TRUSTEE TO
BANK OF AMERICA, NA, SUCCESSOR IN
INTEREST TO LASALLE BANK NA, AS
TRUSTEE, ON BEHALF OF THE
HOLDERS OF THE WASHIGTON
MUTUAL MORTGAGE PASS-THROUGH
CERTIFICATES, WMALT SERIES 2006-
AR3,

        Plaintiff,

  vs.

FRANCIS GONAZALEZ, JUAN LOPEZ,
MARIA LOPEZ, and DOES 1 thrugh 10,
inclusive

    Defendant

Case **CV20-919-PSG (JEMx)**

**NOTICE OF REMOVAL UNDER 28
U.S.C. §§ 1332, 1391, 1441(a) and 1446**

**SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES
PASADENA COURTHOUSE
CASE# 19PDUD00823**

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND ITS ATTORNEYS OF

RECORD,

      Pursuant to 28 U.S.C. §§ 1332, 1391, 1441(a) and 1446, the Defendant, Juan Lopez, In

Pro Per, files this Notice of Removal of this case from the Superior Court of California, County of

COMPLAINT REMOVING TO FEDERAL COURT-

P5

Los Angeles, to the United States District Court for the District of California. In support of this Notice of Removal, Defendant states as follows:

## CASE BACKGROUND AND FOUNDATION FOR REMOVAL

1. On or about March 20th, 2019, Plaintiffs commenced an action in the Superior Court of California, in Los Angeles County against the Defendant/Cross Plaintiff. Defendant/Cross Plaintiff currently has a pending Complaint filed against the Plaintiff for Wrongful Foreclosure and Sale of his property, Fraud, Fraudulent Inducement, Breach of Contract, Breach of Fiduciary Duty, Conspiracy, Various Violations of the California Civil Code, Declaratory Relief, Intentional Misrepresentation and other causes of action against the Plaintiff of this case and various other lending institutions that did not have proper title to Defendant's Property.

2. Defendant/Counter Plaintiff's presently seek judgment against Plaintiff for injuries that Defendant/Counter Plaintiffs allegedly suffered as a result of various violations under the Fair Debt Collection Practices Act. Defendant/Counter Plaintiffs' claims against Plaintiff are based on Plaintiff's alleged misrepresentation of the amount of debt due, and their own fraudulent actions.

3. True and correct copies of the Summons, Complaint and other pleadings or orders are Attached as Exhibit "A" and incorporated by reference.

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Further, This matter is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is a civil action based upon the Federal Debt Collection Practices Act.

5. Venue is proper in this Court because the State Court Action is pending in the Superior Court of California, Los Angeles County. See 28 U.S.C. § 1441(a).

## COMPLETE DIVERSITY OF CITIZENSHIP

6.  There is complete diversity of citizenship between the parties.

  a)  Plaintiffs is incorporated in a state other that California and its principal place of business are located in states other than California. Thus, Plaintiff is not a citizen of California.

  b)  Defendant/Counter Plaintiff is a citizen of California, residing in Los Angeles County.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

7.  Plaintiffs do not quantify the amount of damages they seek to recover in this case. See Complaint, Prayers for Relief. From the face of the Complaint, however, it is apparent that the amount in controversy more likely than not exceeds $75,000.00, exclusive of interest and costs.

8.  "The amount in controversy is ordinarily determined by the allegations of the Complaint, Or, where they are not dispositive, by the allegations in the Notice of Removal". See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.), cert. denied, 516 U.S. 863 (1995).

9.  When the plaintiffs' damages are unquantified in the Complaint, the amount in Controversy can be established by allegations in the Removal Notice by reference to allegations on the face of the Complaint. Cf. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001). More specifically, the amount in controversy requirement can be satisfied by showing that it is facially apparent from the Complaint that the claims more likely than not exceed $75,000.00. See Allen v. R&H Oil and Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995); accord Singer v. State Farm Mutual Automobile Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997); See also Gilmer v. The Walt Disney Co., et al., 915 F. Supp. 1001, 1007 (W.D. Ark. 1996).

10. Here, the amount in controversy more like than not exceeds $75,000.00 based on Plaintiffs' claims, their alleged injuries and the recovery sought.

11. Defendant/Counter Plaintiff denies the allegations in the Complaint. Taking those Allegations on their face as true, however, as this Court must do for the purpose of determining the propriety of removal, it is clear that Plaintiffs' claims, as evidenced by the documents attached hereto as Exhibit "A" demonstrate an amount in controversy in excess of $75,000.00.

12. Given the complete diversity of the real parties and an amount in the controversy in excess of $75,000.00, this Court has jurisdiction over the causes of action and claims asserted in the State Court Action pursuant to 28 U.S.C. § 1332, and this action properly is removable pursuant to 28 U.S.C. § 1441.

13. Diversity jurisdiction further exists in this case based on the following:
   A. The Plaintiff, US BANK, cannot state a claim for return of, damages to or diminution in volume of assets it does not own, or can prove ownership.
   B. Based on its lack of ownership of the subject property, the Plaintiff, US BANK, has no standing to bring the claims set forth in their Complaint or Motion.
   C. Due to the fact that the Plaintiff US BANK, cannot state a claim upon which relief may be granted, the only proper parties to this action are the Defendant/Cross Plaintiff.

14. If the party with no standing is disregarded, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this case may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

**OTHER ISSUES**

15. This Notice of Removal is timely filed.  See 28 U.S.C. § 1446(b).

16. This Notice of Removal has been served on Plaintiffs' counsel.  A Notice of Filing of Notice of Removal to Federal Court (attached as Exhibit "A") will be filed in the Superior Court of California, County of Los Angeles as soon as this Notice of Removal has been filed in this Court.

17. A copy of the complete record maintained by the Clerk of the Superior Court, County of Los Angeles, California is attached to this Notice of Removal as Exhibit "A".

**CONCLUSION**

Because Plaintiffs and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C.  § 1332.  Defendants are therefore entitled to remove this case to this Court pursuant to 28 U.S.C. § 1441.

Wherefore, Defendant requests that the action now pending before the Superior Court of California, County of Los Angeles, California, Civil Action No. 19PDUD00823, be removed to this Court.

Dated:  01/29/2020                                    JUAN LOPEZ, IN PRO PER

_____
Juan Lopez

1

2

## CERTIFICATE OF SERVICE BY MAIL

3

   The undersigned hereby certifies that on   01-29-2020, he served a copy of:

4

5

## NOTICE OF REMOVAL

6   By placing said copy in an envelope addressed to the person(s) hereinafter named, at the places

7   and addresses shown below, which are the last known addresses, and mailing said envelope and

8   contents in the U.S. Mail in Burbank, California.

9

10                            The Wolf Firm, A Law Corporation

11                          Kayo Manson Tompkins, SBN #136476

12                              Parnaz Parto, SBN #276874

13                                   2955 Main Street,

14                                     Second Floor

15                                Irvine, California 92614

16

17

18

19

20   Michael F. Rodriguez

21

22

23

24

25

26

27

28

Juan Lopez
1231 North Beachwood Drive
Burbank, CA 91503
Phone: (562)653-4137
No Fax
No Email

Defendant, In Pro Se

## IN THE UNITES STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| US BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE WASHIGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES, WMALT SERIES 2006-AR3 | ) **PROOF OF SERVICE** |
| PLAINTIFF, | ) |
| VS. | ) |
| FRANCIS GONZALEZ, JUAN LOPEZ, MARIA LOPEZ, AND DOES 1 THROUGH 10 INCLUSIVE | ) |
| DEFENDANT | ) |

     I, the undersigned, hereby certify that I am over the age of eighteen years and on January 29, 2020. I served a copy of Notice of removal.
By placing a copy in a postage paid envelope address to the person hereinafter listed by depositing said envelope in the United States Mail:

                THE WOLF FIRM, A LAW CORPORATION
                KAYO MANSO TOMPKINS/PARNAZ PARTON
                2955 MAIN STREET SECOND FLOOR
                IRVINE, CA 92614

I declare under penalty of perjury that the foregoing is true and correct.

                                        MICHAEL TORRES

# EXHIBIT

# A

P12

FILED by Superior Court of California, County of Los Angeles on 03/20/2019 11:24 AM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Jones,Deputy Clerk

19PDUD00823

**SUMMONS**

*(CITACION JUDICIAL)*

UNLAWFUL DETAINER—EVICTION

*(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)*

**SUM-130**

| FOR COURT USE ONLY |
| *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FRANCIS GONZALEZ, JUAN LOPEZ, MARIA LOPEZ, and DOES 1 through 10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES, WMALT SERIES 2006-AR3

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| 1. The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):* | *(Número del caso):* |
| Northeast District, Pasadena Courthouse | **19PDUD00823** |
| Superior Court of Los Angeles County | |
| 300 East Walnut Street | |
| Pasadena, CA 91101 | |

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

The Wolf Firm, A Law Corporation      Kayo Manson-Tompkins, SBN 136476; Pamaz Parto, SBN 276874
2955 Main Street, 2d Floor, Irvine, CA 92614      Telephone: (949) 720-9200    Fax No: (949) 608-0131

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) ☑ did not ☐ did
for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

| Date: 03/20/2019 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by | Kayla Jones | , Deputy |
| *(Fecha)* | *(Secretario)* | | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as an occupant
   d. ☐ on behalf of *(specify):*
      under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
            ☐ CCP 415.46 (occupant)      ☐ other *(specify):*
5. ☐ by personal delivery on *(date):*

| Form Adopted for Mandatory Use | SUMMONS—UNLAWFUL DETAINER—EVICTION | Page 1 of 2 |
| Judicial Council of California | | Code of Civil Procedure, §§ 412.20, 415.456 1167 |
| SUM-130 [Rev. July 1, 2009] 6401-39129 | | lawca.com |
| RAS | | law forms publisher |

P13

19PDUD00823
Electronically FILED by Superior Court of California, County of Los Angeles on 03/20/2019 11:24 AM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Jones,Deputy Clerk
Assigned for all purposes to: Pasadena Courthouse, Judicial Officer: William Dodson

Kayo Manson-Tompkins, Esq., SBN 136476
Parnaz Parto, Esq., SBN 276874
THE WOLF FIRM
A Law Corporation
2955 Main Street, Second Floor
Irvine, CA 92614
Telephone: (949)720-9200
Facsimile:  (949)608-0131

Attorneys for Plaintiff, U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF
AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS
TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WASHINGTON MUTUAL
MORTGAGE PASS-THROUGH CERTIFICATES, WMALT SERIES 2006-AR3

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – NORTHEAST DISTRICT – PASADENA

COURTHOUSE

| | |
|---|---|
| U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES, WMALT SERIES 2006-AR3,<br><br>Plaintiff,<br><br>vs.<br><br>FRANCIS GONZALEZ, JUAN LOPEZ, MARIA LOPEZ, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**VERIFIED COMPLAINT FOR UNLAWFUL DETAINER**<br><br>Action based on Code of Civil Procedure Section 1161a<br><br>DEMAND IS LESS THAN $10,000.00<br><br>(LIMITED CIVIL CASE) |

Plaintiff, U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,

SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF

THE HOLDERS OF THE WASHINGTON MUTUAL MORTGAGE PASS-THROUGH

CERTIFICATES, WMALT SERIES 2006-AR3 (hereinafter "Plaintiff"), herein alleges:

    1.  Plaintiff is authorized to do business and is doing business within the state of

California.

---

P14

2.   Plaintiff is informed and believes and thereon alleges that Defendants, FRANCIS GONZALEZ, JUAN LOPEZ, MARIA LOPEZ, and DOES 1 through 10, inclusive, (hereinafter "Defendants") are individuals residing at, or are otherwise in possession of the premises situated in the County of Los Angeles, APN No. 2462-014-021, and commonly known as 1231 North Beachwood Drive, Burbank, CA 91506, together with detached garage and separate structures, if any, (hereinafter "Subject Property" and/or "Premises") and within this judicial district.

3.   Plaintiff seeks to recover possession of the Premises.

4.   The true names or capacities, whether individual, corporate, associate or otherwise of Defendants named herein as Does 1 through 10 inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will amend this Complaint to show their true names and capacities when the same has been ascertained.

5.   MIGUEL GONZALEZ, the original trustor who was the owner of the Subject Property at the time he executed the Promissory Note and Deed of Trust described hereinafter, conveyed the Subject Property as security for payment of a promissory note dated February 10, 2006, and recorded on February 16, 2006, as Instrument No. 06 0356488 of official records in the office of the County Recorder of Los Angeles County, California.

6.   A default occurred in the payment of the promissory note and thereafter, at the request of the owner and holder of said promissory note and Deed of Trust, the Trustee recorded a Notice of Default and Election To Sell in the office of the County Recorder of Los Angeles County, California, to initiate non-judicial foreclosure proceedings to satisfy the obligations of the Note.

7.   More than three months after recordation of said Notice of Default, the Trustee gave notice in the manner and form required by Civil Code §§ 2924 et. seq., that the Subject Property would be sold at public auction on February 22, 2017, to satisfy the obligations secured by Deed of Trust.

- 2 -
VERIFIED COMPLAINT FOR  UNLAWFUL DETAINER

6401-39129

P15

8. On February 22, 2017, at the time and place noticed for said sale, the Trustee sold the Subject Property to Plaintiff and thereafter executed and delivered a Trustee's Deed Upon Sale. The Trustee's Deed Upon Sale was thereafter recorded and Plaintiff's title to the Subject Property thereby perfected. A true and correct copy of the Trustee's Deed Upon Sale is attached hereto as Exhibit "1" and is incorporated herein by reference.

9. On December 17, 2018, after Plaintiff's title was perfected, Plaintiff caused to be served on Defendants a Notice to Quit (hereinafter "Notice") requiring them to quit and deliver up possession of the premises to Plaintiff within 90 days after service of the Notice. A true and correct copy of the Notice, and a copy of the Proof of Service, are attached hereto collectively as Exhibit "2" and is incorporated herein by reference.

10. Defendants continue in possession of said Premises without Plaintiff's permission or consent.

11. More than 90 days have elapsed since the service of the Notice but Defendants have failed and refused to deliver up possession of said Premises.

12. Plaintiff is informed and believes and thereupon alleges that the reasonable rental value of the use and occupancy of the Premises is equal to an amount according to proof at trial, and damages have accrued to Plaintiff caused by Defendants' unlawful detention thereof, and will continue to accrue at said rate since March 19, 2019 so long as Defendants remain in possession of the Subject Property.

13. Plaintiff requests that the Court take judicial notice of the documents attached to this Complaint and those identified above, pursuant to the provisions of California Evidence Code §452 and §453.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Restitution and possession of the Premises;

2. Damages in an amount to be determined, according to proof, at trial, at a daily rate from March 19, 2019, until the date that judgment for Plaintiff is entered by the Court;

- 3 -

VERIFIED COMPLAINT FOR UNLAWFUL DETAINER

6401-39129

P16

3.    For an order to terminate the lease, if any, under which Defendants occupy the Premises;

4.    Costs of suit herein; and

5.    For such other and further relief as the court deems just and proper.

DATED: March 19, 2019                    THE WOLF FIRM
                                         A Law Corporation


                                         By: _____
                                         KAYO MANSON-TOMPKINS, ESQ.
                                         PARNAZ PARTO, ESQ.
                                         Attorneys for Plaintiff, U.S. BANK NA, SUCCESSOR
                                         TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR
                                         IN INTEREST TO LASALLE BANK NA, AS TRUSTEE,
                                         ON BEHALF OF THE HOLDERS OF THE
                                         WASHINGTON MUTUAL MORTGAGE PASS-
                                         THROUGH CERTIFICATES, WMALT SERIES 2006-
                                         AR3

- 4 -

VERIFIED COMPLAINT FOR  UNLAWFUL DETAINER

6401-39129

P17

1  Juan Lopez
   Maria Lopez
2  1231 North Beachwood Drive
   Burbank, CA 91503
3

4

5              **SUPERIOR COURT, STATE OF CALIFORNIA**
6                     **COUNTY OF LOS ANGELES**
7

8

9  US BANK NA, SUCCESSOR TRUSTEE TO  ) Case No. 19PDUD00823
   BANK OF AMERICA, NA, SUCCESSOR IN )
10 INTEREST TO LASALLE BANK NA, AS   )
   TRUSTEE ON BEHALF OF THE HOLDERS  )
11 OF THE WASHINGTON MUTAUL MORTGAGE ) **ANSWER TO VERIFIED COMPLAINT FOR**
   PASS-THROUGH CERTIFICATES, WMALT  ) **UNLAWFUL DETAINER.**
12 SERIES 2006-AR3                   )
                                     )
13 Plaintiff(s) ,                    )
                                     )
14 VS.                               )
                                     )
15                                   )
                                     )
16 FRANCIS GONZALEZ, JUAN LOPEZ,     )
   MARIA LOPEZ, and DOES 1 THROUGH 10)
17 INCLUSIVE                         )
                                     )
18 Defendant(s).                     )

19

20

21       To:  The Above-entitled Court and all  Attorneys of Record,

22 And Parties pro per, if any:

23       **NOTICE  IS  HEREBY  GIVEN** that on date and  time mentioned

24 Above  at  the  Superior  Court of California, County of Los

25 Angeles, Defendants JUAN LOPEZ, MARIA LOPEZ,[hereinafter

26 "Defendant"] will and Hereby  does  move  the  Court  for and

27 order sustaining a general  to  the  unlawful detainer complaint

28 filed by plaintiff without leave to amend.

   This Answer is made pursuant to Code of Civil Procedure §

                           P14

1170 on the grounds that the Complaint and each cause of action

Fails to state facts sufficient to set out a cause of action,

Three-day notice was improperly served, three-day notice served

On Defendant is defective as it does not contain the information

Required by Code of Civil Procedure § 1161(2), thus it fatally

Defective and will not support an unlawful detainer action.

This Answer is based upon this notice the memorandum

of points and authorities, and

Upon such oral and documentary evidence as may be presented by

Defendant upon the hearing of the Answer.


Dated: May 7, 2019

_____
JUAN LOPEZ, In Pro Per


_____
MARIA LOPEZ, In Pro Per

P19

## PLAINTIFF'S COMPLAINT

Defendant hereby to the unlawful detainer Complaint filed by Plaintiff ("plaintiff") as follows:

### FIRST GROUND

1.   Defendant generally answers to the unlawful detainer Complaint filed by Plaintiff on the grounds that the Complaint and each cause of action fails to state facts sufficient to set out a cause of action.

### SECOND GROUND

1.   Defendant generally answers to the unlawful detainer Complaint filed by Plaintiff on the grounds that the three-day Notice was improperly served, thus it is fatally defective and will not support an unlawful detainer action.

Dated: May 7, 2019

_____
JUAN LOPEZ, In Pro Per

_____
MARIA LOPEZ, In Pro Per

920

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER TO COMPLAIN**

I.

**PRELIMINARY STATEMENT**

The unlawful detainer complaint filed by plaintiff Incorporates and alleges a three-day notice to pay rent or quit which, although previously legal, is no longer valid, Thus the complaint alleges and incorporates a facially defective three-day notice. This is due to the fact that Code of Civil Procedure § 1161(2) now requires a three-day notice to pay or quit to have Certain payment information. That information is absent from the Three-day notice attached to the complaint herein.

Therefore, the complaint fails, on its face, to state a Cause of action in unlawful detainer based on non-payment of rent, or any other cause of action of action in unlawful detainer.

Moreover, the three-day notice was improperly served in Violation of Code of Civil Procedure section 1162.

For these reasons, this answer should be granted in its Entirety without leave to amend.

//
//

P2A

# II.

## ARGUMENT

**A.   THE   COURT   IS AUTHORIZED TO GRANT THIS ANSWER**

Under Code of Civil Procedure § 1170, a defendant in an Unlawful detainer proceeding may answer. The period for Noticing the hearing on a answer is not set forth in the Unlawful detainer statutes, Sections 1159 through 1179a. However, Section 1177 Provides that all provisions of law Contained in Part 2 of the Code of Civil Procedure (the ones applicable to regular civil actions) are otherwise generally applicable to unlawful detainer actions, unless other procedures are specified in the unlawful detainer statutes, Since the unlawful detainer statutes do not provide for the timing of a hearing on a demurrer, the timing for answer is governed by Code of Civil Procedure § 1005, which requires 16 court days Notice of the hearing on the answer, plus five calendar days For notice by mailing. Thus, this answer is properly before the Court and notice is proper.

The failure of the pleading to state a cause of action results from the fact the complaint appears deficient on the face of the pleading or from judicially noticed matter. Hall vs. Chamberlin, (1948) 31 Cal.2d 673, 679-680.

P22

If a defendant negates any essential element of a
Particular cause of action, a judge should sustain the answer
as to that cause of action. See Cantu v. Resolution Trust
Corp.(1992)  4  Cal.App. 4th 857, 880. Thus, the Court is
authorized to grant this answer.

**B.    A DEFECTIVE THREE-DAY NOTICE, ATTACHED TO AND
INCORPORATED AND ALLEGED IN AN UNLAWFUL DETAINER COMPLAINT
RENDERS THE COMPLAINT GENERALLY DEMURRABLE**

Because the three-day notice alleged in the complaint is
defective for several reasons the complaint is subject to a
general answer on that basis.

The three-day notice alleged in the complaint is defective
For the following reason:

1. The three-day notice alleged in the complaint fails to
Include the payment information required by Code of Civil
Procedure § 1161(2), thus the complaint on its face to state a
Cause of action in Unlawful Detainer based on non-payment of
rent, or any other cause of action in Unlawful Detainer.

The California legislature has determined that the payment
Information is just as important as the requirement that the
amount of rent due be stated, and the statement that the rent or
possession of the property must be demanded in the alternative.

P23

2.    The three-day notice alleged in the complaint

Overstates the amount of rent due, thus it is fatally

Defective and will not support and Unlawful Detainer action.

See Ernst enter., Inc. v Sun Valley Gasoline, Inc. (1983)

139 Cal.App. 3d 355 359. This is due to the fact that code

Of Civil Procedure § 1161(2) requires the three-day notice

to state the amount of rent that is due.

3.    The three-day notice alleged in the complaint was

Served **before** the stated rent amount became due, thus it is

fatally defective and will not support an Unlawful Detainer

action. See Lydon v Beach (1928) 89 Cal.App. 69, 74.

**C.    DEFENDANT'S ANSWER SHOULD BE SUSTAINED WITHOUT LEAVE**

**TO AMEND**

Defendant contends that the Court should sustain their

general answer without leave to amend because it cannot be

presumed that a new and proper notice will be served and that

defendant would fail to comply with a new notice. See Hinman v.

Wagbib (1959) 172 Cal.App 2d 24, 27.

Also a new cause of action for Unlawful Detainer on the

basis of a new notice would result in a new cause of action that

arose after the complaint was filed, and thus would not properly

be an amended complaint but a supplemental complaint.

P24

Defendant  also  contends  that  it  is  entitled  to Judgment Against  Plaintiff  for  costs,  and if applicable, attorney fees as well.

### III.

### CONCLUSION

Based  on  the  foregoing  facts arguments,  and points of law, The  Court  is  urged  to  sustain  Defendant's general answer to the unlawful  detainer  complaint filed by Plaintiff without leave to  amend,  and  that defendant have Judgment against Plaintiff for Costs, and if applicable, attorney fees.


Date: May 7, 2019



_____
JUAN LOPEZ, In Pro Per

_____
MARIA LOPEZ, In Pro Per


P25